*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* YOUNG, Minors.

UNPUBLISHED
March 11, 2025
12:06 PM

No. 371190
Bay Circuit Court
Family Division
LC No. 21-013169-NA

Before: RIORDAN, P.J., and YATES and ACKERMAN, JJ.

PER CURIAM.

Respondent appeals as of right an order terminating his parental rights to his minor children, MY and IY, under MCL 712A.19b(3)(b)(*i*) (parent sexually abused the child or the child's sibling), (j) (reasonable likelihood of harm if the child is returned to the parent), and (k)(*ii*) (parent's abuse of the child or the child's sibling included criminal sexual conduct involving penetration). We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises from respondent's sexual abuse of MY, which began when she was 9 or 10 years old. In March 2021, at the age of 13, MY disclosed the abuse to her mother and a doctor, and it was determined that she was pregnant. Shortly thereafter, the Department of Health and Human Services filed a petition to terminate respondent's parental rights to MY and IY. After the trial court authorized the petition and placed the children with their respective nonrespondent mothers, respondent was charged with multiple crimes related to MY's allegations. He ultimately pleaded *nolo contendere* to one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1), and two counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1). He was sentenced to 18 to 30 years' imprisonment for the CSC-1 conviction and 10 to 15 years for each CSC-III conviction.

The adjudication trial was held before a jury. MY testified that respondent sexually abused her for several years, resulting in her pregnancy, which was later terminated. Petitioner presented extensive DNA evidence obtained from the fetal remains. A photograph of the aborted fetus's hand and arm, from which the DNA was collected, was admitted into evidence. A forensic analyst

-1-

testified that the DNA analysis showed it was 1.954 billion times more likely that respondent was the biological father of the fetus than an unrelated, unknown Caucasian male. In his testimony, respondent denied having sexual contact with MY but did not dispute that she became pregnant in 2021. He acknowledged pleading *nolo contendere* to one count of CSC-I and two counts of CSC-III, and a certified judgment of conviction was admitted into evidence. The jury found a statutory basis to exercise jurisdiction over the children under MCL 712A.2(b)(2).

At the termination and best-interests hearing, the trial court took judicial notice of the evidence presented at trial and additional evidence was presented. As relevant to this appeal, during a Child Protective Services caseworker's testimony, she noted that respondent's brother had been convicted of CSC-I for offenses against his own biological daughter. At the conclusion of the hearing, the trial court found statutory grounds to terminate respondent's parental rights and determined that termination was in the children's best interests. Respondent now appeals.

## II. DISCUSSION

## A. ADMISSION OF EVIDENCE

Respondent challenges the admission of the photograph of fetal remains, the certified judgment of conviction for his CSC offenses, and the testimony regarding his brother's CSC conviction. We find no basis for relief on these grounds.

### 1. PHOTOGRAPH OF FETAL REMAINS AND JUDGMENT OF CONVICTION

Respondent contends that the photograph of fetal remains was inadmissible because it was irrelevant and unfairly prejudicial. He also asserts that the certified judgment of conviction was inadmissible under MRE 410 and that its admission deprived him of a fair adjudication trial. Both claims are waived.

To preserve an evidentiary issue for appellate review, a respondent must object to the admission of that evidence in the trial court. *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412, 421 (2011). We review unpreserved evidentiary issues for plain error affecting substantial rights. See *In re Pederson*, 331 Mich App 445, 463; 951 NW2d 704 (2020). Here, respondent did not merely fail to object; he expressly acquiesced to the admission of both the photograph and the certified judgment of conviction. Waiver is "the intentional relinquishment or abandonment of a known right." *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 3 (quotation marks and citation omitted). "A party who waives a right is precluded from seeking appellate review based on a denial of that right because waiver eliminates any error." *Id.* (quotation marks and citation omitted). When petitioner moved to admit the photograph and the certified judgment of conviction, respondent's counsel stated that he had no objection. The affirmative acceptance of the evidence constitutes waiver, extinguishing any claim of error. See *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011) (defense counsel's statement that he had "no objections" to proposed jury instructions was an "express and unequivocal" indication of approval sufficient to constitute waiver of a challenge to the jury instructions on appeal). Because respondent waived those challenges, no error remains to review. *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000).

## 2. TESTIMONY REGARDING BROTHER'S CSC CONVICTION

Respondent also challenges the admission of the caseworker's testimony regarding his brother's CSC conviction, asserting that it was irrelevant and prejudicial. Because respondent did not object at trial, we review for plain error affecting substantial rights. *In re Pederson*, 331 Mich App at 463. To obtain relief, respondent must show (1) an error occurred, (2) the error was plain, and (3) the plain error affected the outcome of the proceedings. *Id*. Reversal is warranted only "when the plain, forfeited error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. (cleaned up).

At termination hearings, "all relevant and material evidence, including oral and written reports, may be received by the court and may be relied upon to the extent of its probative value." MCR 3.977(H)(2); see also *In re Ferranti*, 504 Mich 1, 16; 934 NW2d 610 (2019) (noting that "the rules of evidence generally do not apply" to termination hearings). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." MRE 401.

Assuming without deciding that the testimony regarding respondent's brother should not have been admitted, respondent has not shown that it affected the outcome of the proceedings. Petitioner introduced that testimony to support its argument that termination was in the children's best interests. However, the trial court did not reference that evidence in its findings. Instead, it relied on the children's placements with their respective mothers, the emotional harm caused by respondent's sexual abuse of MY, and the ongoing risk respondent posed. It also considered the children's bond with respondent, finding that any bond was outweighed by the risk of harm. Because there is no indication that the trial court considered respondent's brother or his brother's CSC conviction or that this consideration would have affected the outcome, respondent cannot establish that the admission of that testimony affected his substantial rights.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Respondent next contends his trial counsel was ineffective for failing to object to the admission of the photograph of the fetal remains, the judgment of conviction, and the testimony regarding his brother. Because respondent did not raise this issue in the statement of questions presented, it is waived. See MCR 7.212(C)(5) (stating that an appellant's brief must contain "[a] statement of questions involved, stating concisely and without repetition the questions involved in the appeal."); *Seifeddine v Jaber*, 327 Mich App 514, 521; 934 NW2d 64 (2019).

Even if this claim were properly preserved, respondent has not demonstrated entitlement to relief. To establish ineffective assistance, a respondent must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that but for counsel's errors, a different outcome would have been reasonably probable. See *In re Lovitt (Amended Opinion)*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367124); slip op at 6. Respondent cannot demonstrate prejudice regarding counsel's failure to object to the photograph and certified judgment of conviction because the jury had ample other evidence supporting a statutory ground to exercise jurisdiction, including MY's testimony that respondent sexually abused her for years and DNA evidence regarding the fetal remains. Likewise, respondent cannot

establish prejudice regarding counsel's failure to object to the testimony concerning his brother because the trial court relied on extensive evidence that termination was in the children's best interest without relying upon or even referencing respondent's brother.

Affirmed.

/s/ Michael J. Riordan
/s/ Christopher P. Yates
/s/ Matthew S. Ackerman